## HENRY PARRISH *v.* WILLIAM CIRODE.

One who designedly represents another as solvent, when he knew that he was not *so,* and thereby induces a third person to give him a credit, in consequence of which the latter sustains a loss, will be bound to indemnify the party injured by such misrepresentations.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*Benjamin,* for the plaintiff. In actions like this the questions for consideration, are: 1. Were false representations made. 2. Was the person making such representations aware of their falsehood, or in a position in which he was bound to know the real facts. 3. Was there damage to the plaintiff. See *Pasley* v. *Freeman,* 1 Durnf. & East, 61. *Eyre* v. *Dunsford,* 1 East,

325, 6. *Russell* v. *Clark,* 7 Cranch, 87. *Upton* v. *Vail,* 6 Johnson, 182. *Allen* v. *Addington,* 7 Wendell, 18, 19.

*Schimdt,* for the appellant.

BULLARD, J. This is an action by which the plaintiff seeks to recover damages from the defendant, for falsely representing his son and son-in-law, composing the firm of Cirode & White, of Mobile, as solvent and worthy of credit ; by reason of which false representations, he was induced to sell them merchandize to the amount of about $1700, which he lost by their insolvency. The plaintiff recovered a judgment for the amount of the goods sold, and the defendant has appealed.

In cases turning principally, if not altogether, upon mere matters of fact, we do not feel it to be our duty to enter minutely into an analysis of the evidence. In the present case we are far from being ready to say, that the court below erred in the conclusion that the conduct of the defendant was designed to deceive the plaintiff, and others, who had dealt with the firm of Cirode & White. He represented them to the plaintiff's clerk as dealing altogether for cash, and as having no bills due, while, at the same time, he had claims against them for a large amount for advances, to secure which, he soon after levied an attachment which broke up their establishment.

But it is contended, that the plaintiff has failed to show that he has lost any thing, not having prosecuted his principal debtors, and exhausted his remedies against them. It is true that, however fraudulent the conduct of the defendant may be shown to have been, the plaintiff cannot recover without showing that he has really sustained damage. The record shows, that Cirode & White are insolvent, and have been declared bankrupts. It further shows, that the defendant levied an attachment on the property of Cirode & White, having previously made oath that they were about to remove themselves and their property out of the State of Alabama ; and that the property which they had been enabled to purchase of the plaintiffs, went partly to pay the debt to the defendant, he knowing that the goods had been purchased on credit.

It is ordered, that the judgment of the Commercial Court be affirmed, with costs.